**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

MICHAEL TODD PREVATTE,

      Plaintiff,

v.                                                                    Case No.:

TOTAL FIRE PROTECTION OF MICHIGAN, INC.
d/b/a TOTAL FIRE PROTECTION, INC. and TOTAL
FIRE PROTECTION,

      Defendant.

_____/

## <u>INITIAL COMPLAINT</u>

COMES NOW the plaintiff, Michael Todd Prevatte, by and through his undersigned counsel, and hereby files this Initial Complaint against defendant, Total Fire Protection of Michigan, Inc. d/b/a both Total Fire Protection, Inc. and Total Fire Protection, and alleges:

### I.  *Jurisdiction and Venue*

1.        This Court has jurisdiction of this cause pursuant to 28 U.S.C. § 1331 insofar as claims arise under Title VII of the Civil Rights Act of 1964, as amended, which is codified at 42 U.S.C. § 2000e, *et seq.*  This Court also has supplemental/pendent jurisdiction over plaintiff's state law claim.

2.        Plaintiff has met all the statutory prerequisites to filing suit.  He timely dual-filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) and the Florida Commission on Human Relations (FCHR); the EEOC issued him a notice of right to sue on August 12, 2025; plaintiff is filing suit within 90 days of his receipt of that notice; and the FCHR failed to make a

determination within 180 days of the filing of plaintiff's Charge of Discrimination.

3.     Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b) and (c) because the claims arose in this district; defendant has an office and operates in this district; plaintiff was employed, paid, and worked in this district; all causes of action accrued in this district; and defendant is subject to personal jurisdiction in this district.

## II. Parties

4.     At all times relevant hereto, plaintiff, Michael Todd Prevatte (hereinafter at times "Prevatte"), was an employee of defendant who worked at its Gulf Branch office located in Pensacola, Florida.

5.     Defendant, Total Fire Protection of Michigan, Inc. d/b/a both Total Fire Protection, Inc. and Total Fire Protection (hereinafter "TFP"), is a corporation which is engaged in commerce and activities affecting commerce and has had 15 or more employees for each working day in each of 20 or more calendar weeks of the year for each calendar year during which plaintiff was employed by it, as well as the preceding calendar years.  Defendant is an employer as that term is defined in Title VII of the Civil Rights Act of 1964, as amended, and the Florida Civil Rights Act of 1992, and it is subject to the requirements of those Acts.

## III. Factual Allegations

6.     Prevatte began working for defendant in or around March 2022.  At all times pertinent hereto, he was the service manager over fire suppression service, inspections, and sales for TFP at its Gulf Branch in Pensacola, Florida.

7.     In his capacity as a service manager, in November 2023 the salespeople working in defendant's Gulf Branch reported directly to him.

8.     In November 2023 one of the salespeople who reported to Prevatte advised him that another manager had repeatedly sexually harassed her while they were together on a sales appointment out of the office.

9.     Prevatte contacted defendant's Human Resources department and advised defendant of the sexual harassment claim.  In turn, defendant launched a formal investigation of the allegations of sexual harassment.

10.     In the course of that investigation, the manager who had sexually harassed the saleswoman was confronted and questioned by defendant's Human Resources Manager.

11.     In the course of that questioning, the accused manager learned that Prevatte had reported the allegations of sexual harassment to Human Resources.

12.     This accused manager inquired of Human Resources what it would take to get rid of Prevatte.

13.     The accused manager further advised his Branch Manager of the sexual harassment allegations that Prevatte had brought to Human Resources' attention.

14.     In their ensuing discussions, defendant's Branch Manager stated that Prevatte's having gone to Human Resources about the allegation of sexual harassment instead of going to the accused manager showed the type of person Prevatte was.

15.     The Branch Manager further suggested that Prevatte's employment should end.

16.     Thereafter, Prevatte's duties and responsibilities were reduced.

17.     Moreover, in less than a month, defendant's Branch Manager terminated Prevatte's employment.

18.    A determinative factor in defendant's altering his duties and responsibilities as well as its decision to terminate plaintiff was that he had reported sexual harassment and participated in defendant's investigation of that sexual harassment complaint.

### VI.  Count III - Retaliation
### (Federal Statute -- Title VII)

19.    Plaintiff realleges and incorporates herein paragraphs 1 through 18, above.

20.    A determinative factor in defendant's treatment of plaintiff and decision to terminate his employment was the fact that she had objected to, complained of, and participated in an investigation of sexual harassment.

21.    The foregoing facts and circumstances demonstrate that defendant and its agents have violated Title VII of the Civil Rights Act of 1964, as amended, which precludes employers from retaliating against an employee because of his complaints of discrimination/retaliation and participation in investigations of such complaints.

22.    The defendant knew or should have known that the above-referenced actions were retaliatory and that such actions violated Title VII of the Civil Rights Act of 1964, as amended.  Nevertheless, the defendant and its agents acted willfully, intentionally, and in reckless disregard for the rights of plaintiff.

23.    As a direct and proximate result of the actions of defendant and its agents and employees, plaintiff has suffered mental anguish, physical discomfort, pain and suffering, humiliation, and embarrassment.  Furthermore, he has or will suffer lost wages.  Moreover, he has suffered a diminished ability to earn a living and a diminished capacity to enjoy his life.  Plaintiff's damages have been experienced in the past, and they

will continue into the future.

24.    Plaintiff has been required to retain an attorney to assist him in asserting his claims and protecting his rights.

WHEREFORE, plaintiff demands damages for lost wages and benefits, back pay, front pay (or reinstatement), damages for humiliation, loss of capacity to enjoy life, mental and emotional distress, physical discomfort, compensatory damages, punitive damages, interest-including prejudgment interest on lost wages, costs and attorney's fees, and any other relief to which plaintiff may be entitled.

### VII.  Count IV - Retaliation - State Statute

25.    Plaintiff realleges and incorporates paragraphs 1 through 18, above.

26.    The foregoing facts and circumstances demonstrate that defendant has violated the Florida Civil Rights Act of 1992, codified at Chapter 760, Florida Statutes, by retaliating against plaintiff because he objected to, complained of, and participated in an investigation of sexual harassment.

27.    The defendant and its agents knew or should have known that the above-referenced actions were retaliatory and that such actions violated the Florida Civil Rights Act of 1992.  Nevertheless, the defendant and its agents acted willfully and intentionally and in reckless disregard for the rights of plaintiff.

28.    As a direct and proximate result of the actions of defendant, plaintiff has suffered mental anguish, physical discomfort, pain and suffering, humiliation, and embarrassment.  Furthermore, he has suffered lost wages, a diminished ability to earn a living, and a diminished capacity to enjoy his life.  Plaintiff's damages have been experienced in the past, and they will continue into the future.

38.     Plaintiff has been required to retain an attorney to assist him in asserting his claims and protecting his rights.

WHEREFORE, plaintiff demands damages for lost wages and benefits, back pay, front pay (or reinstatement), damages for humiliation, loss of capacity to enjoy life, mental and emotional distress, physical discomfort, compensatory damages, punitive damages, interest –- including pre-judgment interest on lost wages, costs and attorney's fees, and such other relief as this Court deems appropriate.

***Plaintiff demands jury trial on all issues contained in this Initial Complaint which are so triable.***

Respectfully submitted,

s/Bradley S. Odom
Bradley S. Odom, Esq.
Florida Bar Number:   932868
ODOM LAW GROUP, P.A.
1800 North "E" Street
Pensacola, Florida  32501
(850) 434-3527
Attorney for Plaintiff
email@odomlawgroup.net

6